UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **ROCKY JOE MERTENS,** | } |
| | } |
|     **Plaintiff,** | } |
| | } |
| **v.** | }   Case No.: 7:18-cv-0654-MHH-JEO |
| | } |
| **STATE OF ALABAMA, et al.,** | } |
| | } |
|     **Defendants.** | } |

## MEMORANDUM OPINION

This is an Eighth Amendment deliberate indifference case. The Middle District of Alabama transferred Mr. Mertens's lawsuit to this district in April 2018. (Docs. 19, 20). Mr. Mertens initially complained that a host of authorities and nurses at Franklin County Jail, Kilby Correctional Facility, and Bibb County Correctional Facility delayed treatment for two broken bones in his hand for approximately eight months and only gave him ibuprofen for pain. (Doc. 2, pp. 2-3).

Mr. Mertens later amended his complaint. (Doc. 17). In his amended complaint, Mr. Mertens asserts that while he was incarcerated in Franklin County Jail, medical treatment for the broken bones in his hand was delayed for 17 days, and he contends that the Alabama Department of Corrections subsequently delayed his medical treatment for another seven months. (Doc. 17). The magistrate judge

assigned to this case dismissed Mr. Mertens's claim against the Alabama Department of Corrections. (Doc. 21, p. 3, n. 1).[1] Therefore, Mr. Mertens's claim proceeded only with respect to the medical treatment he received over the course of 17 days while he was in the Franklin County Jail. (Doc. 36, p. 6, n. 7). Mr. Mertens also contends that jail officials retaliated against him because he complained about his medical treatment. (Docs. 2, 27, 31).

The defendants filed special reports (Docs. 29, 30), which the magistrate judge treated as motions for summary judgment (Doc. 34). Mr. Mertens opposed summary judgment and, alternatively, requested a hearing to show the Court his "permanently damaged hand." (Doc. 35, p. 4). Mr. Mertens provided an extensive statement of facts in support of his complaint, (Docs. 2-1, 2-2), and he filed two affidavits in support of his claims (Docs. 28, 32).

On November 5, 2018, the magistrate judge recommended that the Court grant summary judgment in the defendants' favor on Mr. Mertens's deliberate indifference and retaliation claims. (Doc. 36, p. 18). The magistrate judge advised Mr. Mertens of his right to file specific written objections within 14 days. (Doc. 36, pp. 18-19).

Mr. Mertens did not file objections, but he did file a motion in which he requested the appointment of counsel. (Doc. 37). In the motion, Mr. Mertens

---

[1] The Court finds no error in the dismissal of the Alabama Department of Corrections.

asked for help with his deliberate indifference and retaliation claims. (Doc. 37). The magistrate judge denied Mr. Mertens's request on November 21, 2018. (Doc. 38).

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court reviews legal conclusions in a report *de novo* and reviews for plain error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9 (11th Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

Based on its review of the record in this case, the Court finds no misstatements of law in the magistrate judge's report and no plain error in the magistrate judge's factual findings regarding Mr. Mertens's medical treatment during the 17-day period in the Franklin County Jail or Officer Qualls's alleged retaliatory conduct. Therefore, the Court adopts the magistrate judge's report and accepts his recommendation to grant the defendants' motions for summary judgment on those claims. Additionally, the Court denies Mr. Mertens's request for a hearing to see the permanent damage to his hand because his claim regarding delayed surgery is not before the Court. If Mr. Mertens still contends that he has not received the surgical procedure that Dr. Chung allegedly ordered for him

3

months ago (Doc. 17, pp. 3-4), then Mr. Mertens must file a claim against the proper defendants to pursue the claim.

The Court will issue a separate final judgment consistent with this memorandum opinion.

**DONE** and **ORDERED** this 26th day of April, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE